UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DRAGAN VOJINOVIC

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; and DOES I - V, and ROES VI- X, inclusive,

    Defendants.

Case No. 2:13-cv-02232-APG-NJK

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT**

(Dkt. #15)

    Plaintiff Dragan Vojinovic was injured in a car accident in 2013. At the time of his accident, Vojinovic had purchased underinsured motorist ("UIM") coverage from defendant State Farm Mutual Automobile Insurance Company ("State Farm").[1] State Farm's policy covered up to $15,000 in UIM benefits per accident.[2] These benefits are secondary to any other coverage.[3] In other words, Vojinovic is only entitled to these UIM benefits if other insurance policies do not cover all of his medical bills arising from any given accident.

    Following the accident, Vojinovic underwent extensive medical care.[4] He had MRIs, he saw multiple medical specialists, and he has been in physical therapy.[5] Vojinovic's doctors suggest he may still need injection therapy and possibly cervical surgery.[6] The driver of the other car paid Vojinovic only $15,000.

    Vojinovic requested his underinsured motorist benefits from State Farm. He submitted his medical bills and told State Farm he had potentially hundreds of thousands of dollars in medical

---

[1] (Dkt. #15-5.)

[2] (*Id.*)

[3] (*Id.*)

[4] (Dkt. #15-4 at 8-18.)

[5] (*Id.*)

[6] (*Id.* at 13.)

costs,[7] far more than the $15,000 he had received from the other driver. State Farm refused to pay. Its position was, and remains, that Vojinovic's accident was minor and that the other driver has covered all of the medical costs.

Vojinovic sued State Farm asserting claims for breach of contract and bad faith.[8] State Farm moves for summary judgment, arguing it cannot be liable for breach of contract or bad faith because it evaluated Vojinovic's claim and decided his injuries had already been fully paid for by the other driver.

State Farm is not entitled to summary judgment. There are genuine disputes about whether Vojinovic is entitled to his underinsured motorist benefits, and there are genuine disputes about whether State Farm acted in bad faith by denying these benefits. I thus deny its motion.

## I.  LEGAL STANDARDS

### A.  Summary Judgment

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[9] For summary judgment purposes, the court views all facts and draws all inferences in the light most favorable to the nonmoving party.[10]

If the moving party demonstrates the absence of any genuine issue of material fact, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial."[11] The nonmoving party "must do more than simply show that there is some

---

[7] (Dkt. #16-1 at 69.)

[8] Vojinovic also asserts claims for violations of Nevada's Unfair Claims Practices Act. State Farm raises the same arguments against the NUCPA as it raises against the bad faith arguments, so I address both claims together.

[9] *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)).

[10] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

[11] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323.

metaphysical doubt as to the material facts."[12]  He "must produce specific evidence, through affidavits or admissible discovery material, to show" a sufficient evidentiary basis on which a reasonable fact finder could find in his favor.[13]

A party must support or refute the assertion of a fact with admissible evidence.[14]  As the summary judgment procedure is the pretrial functional equivalent of a directed-verdict motion, it requires consideration of the same caliber of evidence that would be admitted at trial.[15]  Thus, it is insufficient for a litigant to merely attach a document to a summary judgment motion or opposition without affirmatively demonstrating its authenticity.

## II. DISCUSSION

State Farm argues there is no genuine dispute about whether (1) it breached its policy with Vojinovic and (2) whether it acted in bad faith.

### A. Vojinovic's breach of contract claim

To prevail on his breach of contract claim, Vojinovic must prove State Farm breached its insurance policy.[16]  Under the UIM clause of that policy, State Farm agreed it:

> [W]ill pay compensatory damages for bodily injury an insured is legally entitled to recover from the owner or a driver of an uninsured motor vehicle[1]. The bodily injury must be:
>   1. sustained by an insured; and
>   2. caused by an accident that involves the operation, maintenance, or use of an uninsured motor vehicle as a motor vehicle.[17]

State Farm must pay compensatory damages for Vojinovic's accident injuries to the extent they are not covered by others.  Triable issues exist about whether State Farm breached this

---

[12] *Bank of Am. v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted).

[13] *Bhan v. NME Hosps.*, Inc., 929 F.2d 1404, 1409 (9th Cir. 1991); *Anderson*, 477 U.S. at 248–49.

[14] Fed. R. Civ. Proc. 56(c)(1); Orr, 285 F.3d at 773; *Harris v. Graham Enterprises, Inc.*, 2009 WL 648899, at *2 (D. Ariz. Mar. 10, 2009).

[15] *Anderson*, 477 U.S. at 251 (citing *Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 745 n.11 (1983)).

[16] *Reichert v. Gen. Ins. Co. of Amer.*, 68 Cal.2d 822 (1968).

[17] (Dkt. #15-5.)

obligation.  Vojinovic has been paid only $15,000 by the other driver.  Vojinovic's evidence creates a genuine dispute that he underwent extensive medical care as a direct cause of his accident.[18]  His evidence also shows that he may be facing a serious cervical surgery with an estimated cost of over $130,000.[19]  Several of his treating and examining physicians state that the accident caused his injuries.[20]  In short, Vojinovic has submitted evidence that the accident caused damages exceeding the $15,000 he has been paid.  Thus there is a genuine dispute whether State Farm breached its policy.

### B.   Vojinovic's bad faith claims

There are also triable issues about whether State Farm is liable for bad faith or unfair claims practices.  Nevada's definition of bad faith is: (1) an insurer's denial of an insured's claim, (2) without any reasonable basis, and (3) either the insurer's knowledge or awareness of the lack of any reasonable basis to deny coverage, or the insurer's reckless disregard about the unreasonableness of the denial.[21]

State Farm has failed to prove the absence of a genuine dispute about whether it acted in bad faith.  State Farm denied Vojinovic's claim despite: (1) evidence of his extensive medical injuries following the accident, (2) his physicians' opinions indicating the accident was the cause of these injuries, (3) the costly medical bills, and (4) the lack of any evidence that his injuries predated the accident.

State Farm repeatedly argues that Vojinovic's injuries were minor and that State Farm was permitted "within the terms of the policy" to deny his benefits.[22]  But given the evidence discussed above, State Farm cannot deny Vojinovic the chance to prove, at trial, that he suffered injuries beyond what he has already been compensated for.  State Farm argues that "a dispute over the value of

---

[18] (Dkt. #16-1 at 69.)

[19] (*Id.*)

[20] (*Id.*)

[21] *United States Fidelity & Guar. Co. v Peterson*, 91 Nev. 617 (1975).

[22] (Dkt. #15 at 10.)

Plaintiff Vojinovic's claim for underinsured motorist benefits . . . does not support" his claims.[23] But a genuine dispute about the value of Vojinovic's claim precludes entry of summary judgment.

### III.  CONCLUSION

IT IS THEREFORE ORDERED that Defendant State Farm Mutual Automobile Insurance Company's Motion for Summary Judgment (Dkt. #15) is DENIED.

DATED this 29th day of April, 2015.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[23] (Dkt. #17 at 2.)