UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DRAGAN VOJINOVIC,<br><br>      Plaintiff,<br><br>  v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; and DOES I – V and ROES VI – X, inclusive,<br><br>      Defendants. | Case No. 2:13-cv-2232-APG-NJK<br><br>**ORDER DENYING MOTIONS IN LIMINE WITHOUT PREJUDICE**<br><br>(Dkt. ##25-32) |

  On November 13, 2015, plaintiff filed an "Omnibus Motion In Limine 1-10" (Dkt. #25) and defendants filed seven separate motions in limine (Dkt. ##26-32). It is obvious that counsel have not conferred with each other about the upcoming trial presentations. Each of these motions is premised upon some expectation that the other party may offer something improper at trial. *See, e.g.*, Dkt. #25 at 11:19-21 ("It would not be inconceivable (without the filing of the instant motion) that the defense will attempt to poison the jury at trial by suggesting that the retention of an attorney shortly after an incident suggests a secondary gain motive"). Worse yet, some of motions ask for extraordinarily vague relief—"instructing counsel to refrain from making any improper arguments"—and others ask the court to enforce the rules of evidence. *Id.* at 6:17-18 and 8:21-9:8.

  While I appreciate the possible intent of the parties to preview some potentially-problematic evidentiary issues, counsel should confer first to determine whether these potential issues exist and can be narrowed or eliminated. That is what is required by my Civil Standing Order No. 1—which is posted on my court webpage—which the parties violated. If disputes still exist after consultation, the parties can either request a pretrial conference or file appropriate motions. I am issuing this Order now without requiring either party to file responses to the pending motions in hopes of saving the parties the expense of additional, unnecessary briefing.

All pending motions in limine **(Dkt. ##25-32) are hereby DENIED WITHOUT PREJUDICE.** The parties are ordered to meet and confer about the substance of these (and any other contemplated) motions in limine. If agreements are reached, the prophylactic goal of motions in limine may be obtained by incorporating the agreements into a stipulation and proposed order for me to consider. Should the parties not reach agreement and motions in limine become necessary, the motions must be filed by **November 24, 2015** and must be accompanied by a certificate that counsel actually conferred in good faith to resolve the issue before the motion was filed. The failure to include such a certificate of counsel will result in the denial of the motion.

Dated: November 17, 2015.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE